# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATTON LOGISTICS, INC., ) <br> GOLIATH FREIGHT, INC., ) <br> TESTAMENT TRUCKING, INC., and ) <br> WEST IRIS TRANSPORT, INC., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> DANIEL J. EDELMAN HOLDINGS, ) <br> INC., ) <br> ) <br> **Defendant.** ) | Case No. _____ |

## PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA ISSUED IN ARBITRATION

Plaintiffs Patton Logistics, Inc., Goliath Freight, Inc., Testament Trucking, Inc., and West Iris Transport, Inc. (collectively, "Plaintiffs"), pursuant to 9 U.S.C. § 7, respectfully request that this Court grant Plaintiffs' Motion to Compel Compliance with a Third-Party Subpoena Issued in Arbitration to Defendant Daniel J. Edelman Holdings, Inc. ("DJEH"). In support of this Motion, Plaintiffs state the following:

### I.  Nature of the Action

1. This is an action to compel DJEH to produce documents in response to a third-party subpoena for the production of documents issued by an arbitrator in a JAMS arbitration between Plaintiffs and FedEx Ground Package System, Inc.

54806184 v4

("FXG").[1] Plaintiffs request that the Court, pursuant to 9 U.S.C. § 7, allow Plaintiffs' counsel to issue and serve, under the authority of this Court, the subpoena the JAMS arbitrator has already issued (and served upon DJEH) and to compel DJEH's compliance with the same.

## II.     Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this controversy pursuant to 9 U.S.C. § 7, a provision of the Federal Arbitration Act. *See Ferry Holding Corp. v. GIS Marine, LLC*, No. 4:11–MC–687 (CEJ), 2012 WL 88196, at *1–*2 (E.D. Mo. Jan. 11, 2012); *Wright v. Nw. Mut. Life Ins. Co.*, No. 4:15-MC-00041-JAR, 2015 WL 507434, at *2 (E.D. Mo. Feb. 6, 2015).

3.     In the alternative, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists among the parties, and the amount in controversy in the underlying arbitration is in excess of $75,000.00.

   a.     Plaintiff Patton Logistics, Inc. is an Illinois corporation with its principal place of business in Tennessee.

---

[1] Undersigned counsel conferred in good faith with counsel for DJEH regarding DJEH's failure to make any production following service of the Subpoena. Counsel for DJEH involved counsel for FXG in such discussion. Despite this conferral, the parties were unable to resolve this dispute prior to seeking this Court's involvement and no documents have yet been produced by DJEH to Plaintiffs pursuant to the Subpoena or otherwise.

    b.    Plaintiff Goliath Freight, Inc. is an Indiana corporation with its principal place of business in Tennessee.

    c.    Testament Trucking, Inc. is a Missouri corporation with its principal place of business in Tennessee.

    d.    West Iris Transport, Inc. is a Kentucky corporation with its principal place of business in Tennessee.

    e.    Defendant Daniel J. Edelman Holdings, Inc. is a Delaware corporation with its principal place of business presently unknown to Plaintiffs.

    f.    The amount in controversy in the underlying arbitrations is in excess of $75,000.00.

4.    This Court is the proper venue for this Motion pursuant to 9 U.S.C. § 7, because Arbitrator Denise Langford Morris issued the subpoena in her role as an arbitrator in *Patton Logistics, Inc. v. FedEx Ground Package System, Inc.* ("FXG"), JAMS Ref No. 5335000137, and also a result of the agreement between Plaintiffs and FXG that Arbitrator Langford Morris shall decide all matters regarding general discovery for the related arbitrations between FXG and Plaintiffs in the above-styled arbitration.

5.    The specific arbitration to which Arbitrator Langford Morris is assigned, JAMS Case No. 5335000137, was filed on June 5, 2023, with JAMS' Missouri office, which presently has a physical address of 190 Carondelet Plaza,

Suite 1450, Clayton, Missouri 63105, that is located in St. Louis County. Because Arbitrator Langford Morris presides over an arbitration filed in St. Louis County, Missouri, and because Arbitrator Langford Morris executed the subpoena at issue, venue is proper in this Court.

6. Personal jurisdiction is not implicated by subpoena enforcement pursuant to the Federal Rules of Civil Procedure. *See Ferry Holding Corp.*, 2012 WL 88196, at *3.

### III. Factual Background

7. Plaintiffs are owned by a single individual, Spencer Patton. Plaintiffs were all businesses that operated as independent service providers for FXG, conducting last-mile deliveries in their respective territories.

8. In June 2023, Plaintiffs filed seven JAMS arbitrations demands against FXG for claims arising from the termination of Plaintiffs' respective Independent Service Provider Agreements with FXG.[2]

9. On April 9, 2024, Plaintiffs filed a notice of intent to serve a third-party document subpoena on DJEH, who, upon information and belief, has information and documents in its possession relevant to the underlying disputes ("the

---

[2] The Individual Service Provider Agreements between Plaintiffs and FXG provide, among other things, that the arbitrations are confidential. As a result, the specific allegations, defenses, and other matters at issue in the arbitrations are not set forth herein.

Subpoena"). The Subpoena requests documents and communications related to the dispute between FXG and Plaintiffs in the possession of DJEH be sent electronically or by mail to Plaintiffs' counsel.

10. FXG did not object to the issuance of the Subpoena.

11. On April 29, 2024, Arbitrator Langford Morris issued the Subpoena to DJEH on behalf of Plaintiffs. DJEH was served with the Subpoena on May 8, 2024. The subpoena with proof of service is attached hereto as **Exhibit A**. Responses to the subpoena were due within 20 days of service. *See* Ex. A.

12. On May 24, 2024, counsel for DJEH informed Plaintiffs that DJEH did not intend to comply with the Subpoena. DJEH's email communication is attached hereto as **Exhibit B**. DJEH did not object to the Subpoena based on its scope or the existence of any privileged or confidential material. Instead, DJEH stated that it cannot be required to produce any pre-hearing documents pursuant to a third-party subpoena. *See* Ex. B.

### IV.   <u>Argument</u>

13. Pursuant to 9 U.S.C. § 7, a third-party subpoena for documents issued in arbitration should be enforced by a United States District Court when the third-party refuses to comply with the summons. *See Sec. Life Ins. Co. of Am. v. Duncanson & Holt (in Re Sec. Life Ins. Co. of Am.)*, 228 F.3d 865, 870-71 (8th Cir. 2000); *Ferry Holding Corp.*, 2012 WL 88196, at *2; *Wright*, 2015 WL 507434, at

*2–*3. In *Duncanson & Holt*, the Eighth Circuit held that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing." *In re Sec. Life Ins. Co. of Am.,* 228 F.3d at 870–71.

14. Further, the district should not make an independent assessment of materiality of the requested documents because it "is antithetical to the well-recognized policy favoring arbitration, and compromises the panel's presumed expertise in the matter at hand." *Id.* at 871.

15. Accordingly, this Court should order DJEH to produce responsive documents as ordered by Arbitrator Morris Langford.

16. To enforce the subpoena, the Court should allow Plaintiffs' counsel to issue and serve on behalf of this Court the subpoena the JAMS arbitrator has already issued. *See Wright*, 2015 WL 507434, at *3–*4.

17. Although DJEH may be and was served in Delaware, the Federal Rules of Civil Procedure allow for nationwide service of subpoenas. Fed. R. Civ. P. 45(b)(2). Further, the rule requiring compliance within "100 miles of where the person resides, is employed, or regularly transacts business in person," *id.* at 45(c), does not apply to production of documents by mail or email, as is the case here. *Pearson v. Morrell*, No. 4:18CV843 SNLJ, 2020 WL 223932, at *1 (E.D. Mo. Jan.

15, 2020); *see also Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009); *Ott v. City of Milwaukee*, 274 F.R.D. 238, 242 (E.D. Wis. 2011).

WHEREFORE, Plaintiffs Patton Logistics, Inc., Goliath Freight, Inc., Testament Trucking, Inc., and West Iris Transport, Inc. respectfully request that this Court grant this Motion and (a) order Defendant Daniel J. Edelman Holdings, Inc. to produce documents and communications in accordance with the Subpoena; (b) authorize Plaintiffs' counsel to issue and serve under this Court's authority the Subpoena Arbitrator Langford Morris already issued in the underlying arbitration; (c) retain jurisdiction of this matter to enforce the Subpoena, if necessary; and (d) grant such other and further relief as this Court deems just, proper and equitable.

    Respectfully submitted,

    */s/ Brian C. Neal*
    Brian C. Neal (Bar No. 022532TN)
    **BURR & FORMAN LLP**
    222 Second Avenue South, Suite 2000
    Nashville, Tennessee 37201
    Tel.: (615) 724-3200
    bneal@burr.com

    *Attorneys for Plaintiffs Patton Logistics, Inc., Goliath Freight, Inc., Testament Trucking, Inc., and West Iris Transport, Inc.*